IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Christopher Coleman** | : | CIVIL ACTION |
| | : | |
| **v.** | : | |
| | : | |
| **Jeh Johnson,** | : | NO. 15-857 |
| Secretary, U.S. Department of Homeland Security Agency | | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                    **August 4, 2015**

The defendant Jeh Johnson, who has been sued in his official capacity as Secretary of the Department of Homeland Security ("DHS"), has moved to dismiss this disability discrimination action under the Americans with Disabilities Act of 1990 ("ADA")[1] brought by Christopher Coleman ("Coleman") arising from the termination of his employment as a Transportation Security Officer ("TSO") with the Transportation Security Administration ("TSA").[2] Johnson argues that the court lacks subject matter jurisdiction because federal agencies are not subject to suit under the ADA[3] and because the Aviation and Transportation Security Act ("ATSA")[4] precludes claims under the Rehabilitation Act.[5]

---

[1] 42 U.S.C. § 12112 *et seq.*

[2] This is the second action filed by Coleman. The first, filed by counsel, was voluntarily dismissed after Johnson filed his motion to dismiss arguing that Coleman's Rehabilitation Act claim was precluded by the Aviation and Transportation Security Act ("ATSA") and that the court lacked subject matter jurisdiction over his Family and Medical Leave Act claim. Coleman has filed this action *pro se*.

[3] *See* 42 U.S.C. § 12111(5)(b) (excluding the United States from the ADA's definition of "employer."). The TSA is a component agency of the Department of Homeland Security. 6 U.S.C. § 203(2).

[4] 49 U.S.C. § 44935.

[5] 29 U.S.C. §§ 701-797b.

We conclude that Johnson, as the official head of the TSA, cannot be sued under the ADA. Therefore, we shall grant his motion to dismiss the complaint.[6]

## Background[7]

Coleman was employed as a TSO by the TSA.[8] He alleges that the TSA's management harassed him because he missed work as a result of ulcerative colitis.[9]

On July 2, 2013, Coleman filed a complaint with the Equal Employment Opportunity Commission ("EEOC").[10] In his EEOC complaint, he averred that the TSA harassed him by "not responding to request (*sic*), giving false information, with holding (*sic*) important materials, imposing undo (*sic*) requirements, ignoring and violating procedures and illegally forcing [him] to do actions that were unwarranted and detrimental."[11] He did not refer to the ADA.[12]

Sometime later, Coleman's employment was terminated.[13] The TSA's stated reason for his discharge was that he is psychologically unfit to be a TSO because he suffers from major depressive disorder.[14] After his termination, Coleman filed a second

---

[6] Because Coleman is pursuing his claims *pro se*, we consider the merits of his complaint rather than grant the motion to dismiss as uncontested. *See Credico v. Pennsylvania State Police*, No. 09-691, 2010 WL 331700, at *1, n.1 (E.D. Pa. Jan. 27, 2010); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

[7] The facts recited are taken from the complaint.

[8] Compl. at 4.

[9] Compl. at 4.

[10] Compl. at 4.

[11] Compl. at 4.

[12] Compl. at 4.

[13] Compl. at 4.

[14] Compl. at 4.

EEOC complaint.[15] In the second complaint, Coleman claimed that the TSA removed him because he refused to submit a form allowing it to obtain his mental health information.[16] He claims that the TSA falsely stated he has a major depressive disorder as the reason for his termination.[17] According to Coleman, the real reason was for missing work due to his ulcerative colitis.[18]

On July 7, 2014, Coleman received a right to sue letter from the EEOC. On September 24, 2014, he filed his first lawsuit, *Coleman v. Dept. of Homeland Sec., et al.*, No. 14-5505 (E.D. Pa. Sept. 25, 2014).[19] In it, Coleman named as defendants the TSA, DHS and Janet Napolitano, then Secretary of Homeland Security. He alleged that they discriminated and retaliated against him based on his requests for an accommodation because of his health conditions, which ultimately led to his termination, in violation of the Rehabilitation Act and the Family and Medical Leave Act ("FMLA").[20] On December 1, 2014, after the defendants had filed a motion to dismiss arguing that Coleman's Rehabilitation Act claim was precluded by the ATSA and that the court lacked subject matter jurisdiction over his FMLA claim,[21] Coleman's counsel voluntarily

---

[15] Compl. at 4.

[16] Compl. at 4.

[17] Compl. at 4.

[18] Compl. at 4.

[19] Coleman was represented by Karpf, Karpf & Cerutti, P.C.

[20] 29 U.S.C. § 2601 *et seq.*

[21] *See* Def.'s Prior Mot. to Dismiss at 4, 8. *Coleman v. Dep't of Homeland Sec.*, No. 14-5505 (E.D. Pa. Sept. 25,2014) (Doc. No. 10) ("Prior Mot. to Dismiss").

dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).[22]

On January 25, 2015, Coleman filed his *pro se* complaint. Coleman reiterated the same conduct that he alleged in his first complaint. He added that the TSA defamed him and jeopardized his future employment by claiming that he is unfit to work as a TSO because he has a major depressive disorder. On June 4, 2015, Johnson moved to dismiss Coleman's complaint based on sovereign immunity and preemption.

### Standard of Review

The standard of review of a motion to dismiss made pursuant to Rule 12(b)(1) depends on whether the motion is a facial attack or a factual attack. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). Consequently, we must distinguish between facial attacks and factual attacks. A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court" because of some jurisdictional defect. *Aichele*, 757 F.3d at 358. In reviewing a facial attack, as we do in considering a Rule 12(b)(6) motion, we accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences arising from them in favor of the plaintiff. *Gould Elecs. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (internal quotation marks omitted).

A factual attack is "an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Aichele*, 757 F.3d at 358. In other words, in a factual challenge to jurisdiction, the defendant disputes

---

[22] *See* Pl.'s Notice of Dismissal, *Coleman v. Dep't of Homeland Sec.*, No. 14-5505 (E.D. Pa. Sept. 25, 2014) (Doc. No. 11).

the allegations on which jurisdiction depends. In that instance, we need not accept plaintiff's allegations as true and we may consider materials outside the complaint to determine whether the exercise of federal jurisdiction is proper. *CAN v. United States*, 535 F.3d 132, 139, 145 (3d Cir. 2008).

Here, Johnson brings a facial challenge to our subject matter jurisdiction. He does not dispute the allegations in the complaint. Rather, he argues that even when Coleman's allegations are accepted as true, they are insufficient to invoke the court's subject matter jurisdiction because he has immunity from ADA claims. Therefore, we shall accept the well-pleaded allegations as true and draw all reasonable inferences arising from them in Coleman's favor.

## ADA

Johnson asserts that he is immune from suit under the ADA in his official capacity as head of the TSA, a federal agency operating within the DHS. He also contends that even if Coleman's ADA claims were construed as brought under the Rehabilitation Act,[23] they are precluded by the ATSA.

The ADA does not apply to federal agencies. Section 12111(5)(B)(i) provides that "the term 'employer' does not include the United States [or] a corporation wholly owned by the government of the United States." 42 U.S.C. § 12111(5)(B)(i). Thus, as a federal agency, the TSA is not subject to the ADA. *Smith v. Pallman*, 420 F. App'x 208, 214 (3d Cir. 2011).

---

[23] Johnson makes this alternative argument because the Rehabilitation Act provides the exclusive remedy for federal employees to bring disability discrimination claims. *Jackson v. Napolitano*, No. 09-1822, 2010 WL 94110, at *4 (D. Ariz. Jan. 5, 2010); *Mole-Donchez v. Johnson*, No. 2:13-847, 2015 WL 3452058, at *2 (D. Nev. May 29, 2015).

Here, Coleman filed his ADA claims against Johnson in his official capacity as Secretary of the DHS. As the head of the DHS and the TSA, Johnson cannot be sued for violating the ADA.[24] *See Jackson v. Napolitano*, No. 09-1822, 2010 WL 94110, at *5 (D. Ariz. Jan. 5, 2010) (stating that the TSA is a federal agency); *Ibrahim v. Dep't of Homeland Sec.*, No. 06-545, 2009 WL 2246194, at *1 (N.D. Cal. July 27, 2009) (stating that the TSA is an agency under the DHS); *Mole-Donchez v. Johnson*, No. 2:13-847, 2015 WL 3452058, at *2 (D. Nev. May 29, 2015) (granting Secretary Johnson's motion to dismiss plaintiff's ADA claims because the ADA expressly excludes the United States from its coverage). Therefore, there is no subject matter jurisdiction.

### Rehabilitation Act

Even if the complaint were construed as having been brought under the Rehabilitation Act, it could not survive. The ATSA precludes TSOs from bringing Rehabilitation Act claims against the TSA. *See Field v. Napolitano*, 663 F.3d 505, 512 (1st Cir. 2011) ("Every circuit to address the issue has agreed that" the ATSA precludes TSOs from bringing suit under federal employment statutes, including the Rehabilitation Act); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006); *Smith v. U.S. Dep't of Homeland Sec.*, No.8:12-1087, 2015 WL 1924211, at *3 (N.D.N.Y. Apr. 28, 2015) (granting defendants' motion to dismiss because the ATSA precludes security screeners from bringing suit under the Rehabilitation Act).[25]

---

[24] To the extent Coleman attempts to bring a claim against Johnson for violating 18 U.S.C. § 1001 by requesting that we "discipline those who violated [the statute]," Compl. at 5, the claim must be dismissed. The criminal false statements statute, 18 U.S.C. § 1001, does not provide a private cause of action. *Davis v. Jordan,* 573 F. App'x 135, 137 (3d Cir. 2014).

[25] TSOs are commonly referred to as "airport screeners." *See George v. Rehiel*, 738 F.3d 562, 580 (3d Cir. 2013).

**Conclusion**

Coleman cannot bring an action under either the ADA or the Rehabilitation Act against Johnson.  Therefore, we shall grant Johnson's motion to dismiss the complaint.[26]

---

[26] Coleman also alleges that the TSA defamed him by stating that he has a major depressive disorder.  Given that we have dismissed Coleman's federal claims, we decline to exercise jurisdiction over his state law claim for defamation.  *See Kocher v. Larksville Borough*, 926 F. Supp. 2d 579, 587 (M.D. Pa. 2013) (declining to exercise jurisdiction over plaintiff's state law claim for defamation after dismissing his federal claims).